IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD PINNOCK, *Personal Representative
of the Estate of Jonathan Michael Everage,
Deceased*; and
ANASTASIA EVERAGE, *as Mother and Next
Friend of Harley M. Everage and Bryan M.
Everage, Minors*,

      Plaintiffs,

v.                                                        CV 14-293 JCH/WPL

BOARD OF COUNTY COMMISSIONERS OF
GRANT COUNTY; RAUL VILLANUEVA, SHERIFF
OF GRANT COUNTY; MANUEL MALDONADO,
DEPUTY SHERIFF OF GRANT COUNTY; WILLIAM
MIZE, CORPORAL, SHERIFF DEPARTMENT OF
GRANT COUNTY; and MIKE JIMENEZ, GRANT
COUNTY JAIL ADMINISTRATOR,

      Defendants.

**ORDER**

This matter is before me on Plaintiffs' Motion to Compel Discovery. (Doc. 33.) Defendants did not respond to the motion. Plaintiffs request an Order pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) requiring Defendants to fully and completely respond to Interrogatories Nos. 5, 6, and 9 and Request for Production No. 5. Plaintiffs also move for reasonable attorney's fees related to the filing of this motion as a sanction pursuant to Federal Rule of Civil Procedure 37(a)(5) for defense counsel's failure to respond to Plaintiffs' counsel's emailed and faxed letter regarding Defendants' discovery answers. (*See* Doc. 33 Ex. 1.) Pursuant to D.N.M.LR-Civ. 7.1(b), the failure to respond to a motion constitutes consent to grant the motion. Upon reviewing the motion, the record, and the relevant law, I GRANT the motion to

compel to the extent that Defendants must provide full and complete answers to the interrogatories and Request for Production. I defer judgment on Plaintiffs' request for attorney's fees.

Interrogatory No. 5 requests that Defendants state the following with respect to all inmate suicides that occurred at the Grant County Jail from January 1992 to the present: 1) Date of the suicide; 2) name of the person who died; 3) method by which the person accomplished the suicide; and 4) whether a legal claim or suit was made for wrongful death or personal injury damages related to the suicide, and if so, the case name, cause number, and court in which the suit was filed. Defendants objected that this interrogatory was overbroad because it went back to 1992. Without waiving the objection, Defendants disclosed the suicide of one inmate on February 12, 2012, using a razor. Plaintiffs argue that it is not overbroad to request suicide information for the limited period of ten years prior to Jonathan Everage's death, and Defendants failed to provide any rationale for why they cannot provide this information.

A request for information on inmate suicides dating back to 1992 goes back twenty years from the date of Everage's death, not ten years. Plaintiffs' counsel's letter to defense counsel on January 1, 2015 (*see* Doc. 33 Ex. 1), also asserts that Plaintiffs are only asking for information dating back ten years. I do not find Interrogatory No. 5 to be overbroad as to information dating back ten years prior to Everage's death. As such, Defendants shall provide a full and complete answer to Interrogatory No. 5, with information dating back to January 2002, by **February 27, 2015.**

Interrogatory No. 6 requests that Defendants identify all inmates who received emergency medical treatment outside of the Grant County Jail because of a suicide attempt or other self-injurious behavior from January 1992 to the present, including the name of the inmate

and the date of the event resulting in emergency medical treatment. Defendants objected that the interrogatory was overbroad. Plaintiffs argue that the request is not overbroad and is limited to only ten years and that Defendants failed to provide any explanation as to why the interrogatory is overbroad.

Again, a request for information dating back to 1992 is twenty years, not ten years. I do not find the interrogatory to be overbroad as to information dating back ten years. Therefore, Defendants shall provide a full and complete answer to Interrogatory No. 6, with information dating back to January 2002, by **February 27, 2015.**

Interrogatory No. 9 requests that Defendants identify by name, title, and current employment all staff of the Grant County Jail who were employed at any time in March 2012, and whether each of these staff members had received any suicide prevention training prior to March 27, 2012. Defendants objected that the interrogatory was overly broad. Plaintiffs argue that the request is not overbroad and that Defendants did not provide an explanation as to why they could not provide the information. Plaintiffs point out that Defendants already listed nine staff persons in their initial disclosures. (*See* Doc. 33 Ex. 2.)

I do not find the interrogatory to be overbroad. Defendants shall provide a full and complete response to Interrogatory No. 9 by **February 27, 2015.**

Request for Production No. 5 asks for all documents, papers, forms, and written items made by the Grant County Jail or by the Grant County Sheriff Department concerning the arrest and incarceration of Everage in March 2012, to the extent that they have not already been produced. Defendants objected that the Request for Production was overbroad. Without waiving the objection, Defendants stated that all responsive documents had been produced. Plaintiffs argue that the request is not overbroad. Plaintiffs' counsel notes that he asked for clarification in

his letter of whether Defendants had produced all of the requested documents or only some of the documents, but he did not receive a response.

I do not find the Request for Production to be overbroad. Defendants shall provide all documents in response to Request for Production No. 5 by **February 27, 2015.**

Plaintiffs also request an Order granting attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5) for the time Plaintiffs' counsel spent on the motion to compel. Plaintiffs' counsel asserts that he attempted to confer in good faith with defense counsel by letter sent via email and fax regarding the discovery answers, yet defense counsel failed to respond.

Pursuant to Rule 37(a)(5)(A), if a motion is granted, the Court

> must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Defendants have not had the opportunity to be heard on the matter of sanctions, so I decline to enter an Order granting sanctions at this time. Instead, counsel for the parties shall appear telephonically for a hearing on the issue of sanctions on **February 19, 2015, at 1:30 p.m. Counsel will call the Court's "meet-me" line at (505) 348-2356.** It is recommended that a reliable long-distance carrier be used to ensure sound quality.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.