IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD PINNOCK, *Personal Representative of the Estate of Jonathan Michael Everage, Deceased*; and
ANASTASIA EVERAGE, *as Mother and Next Friend of Harley M. Everage and Bryan M. Everage, Minors*,

        Plaintiffs,

v.	CV 14-293 JCH/WPL

BOARD OF COUNTY COMMISSIONERS OF GRANT COUNTY; RAUL VILLANUEVA, SHERIFF OF GRANT COUNTY; MANUEL MALDONADO, DEPUTY SHERIFF OF GRANT COUNTY; WILLIAM MIZE, CORPORAL, SHERIFF DEPARTMENT OF GRANT COUNTY; and MIKE JIMENEZ, GRANT COUNTY JAIL ADMINISTRATOR,

        Defendants.

**ORDER**

This matter is before me on Plaintiffs' Motion to Compel Production of Daily Log. (Doc. 53.) Defendants did not respond to the motion. Plaintiffs request an Order compelling Defendants to produce the daily log for Jonathan Everage's entire period of incarceration—from March 20 through March 27, 2012. Plaintiffs also move for sanctions pursuant to Federal Rule of Civil Procedure 37(a) against Defendants or their counsel for 1) failing to produce the entire daily log in July, September, and December 2014, and in February 2015 and 2) failing to produce the entire daily log as requested by Plaintiffs' counsel on March 31, 2015, and then waiting until April 16, 2015, to produce only a small portion of the daily log. Pursuant to D.N.M.LR-Civ. 7.1(b), the failure to respond to a motion constitutes consent to grant the motion. Upon reviewing the motion, the record, and the relevant law, I GRANT the motion to compel to

the extent that Defendants must produce the daily log for the entire period of incarceration of Jonathan Everage. I defer ruling on Plaintiffs' request for sanctions.

On July 16, 2014, Defendants served their initial disclosures. (*See* Doc. 53 Ex. 1.) The initial disclosures identified a Grant County Detention Center Daily Log, but the log itself was not attached. (*See id.*) On August 4, 2014, Plaintiffs served their first requests for production ("RFP"). (Doc. 53 Ex. 2.) RFP No. 4 requested the production of the Grant County Detention Center Daily Log identified in the initial disclosures. RFP No. 5 requested, to the extent not already produced, the production of all documents, papers, forms, and other written items made by the Grant County Jail or the Grant County Sheriff's Department concerning Jonathan Everage's arrest and incarceration in March 2012. On December 17, 2014, Defendants responded to RFP No. 4 and three other RFPs by stating, "[s]ee attached," in reference to what Plaintiffs describe as "various undifferentiated jail records and arrest records." (*Id.* at 1.) As to RFP No. 5, Defendants objected that the request was overbroad. Yet, without waiving the objection, Defendants produced additional jail documents, many of which were duplicates of previously provided documents.

On February 27, 2015, Defendants provided supplemental responses to the first request for production, but the responses did not include anything new relating to a daily log. On March 27, 2015, Defendants produced a video recording based on Plaintiffs' second set of requests for production, which were filed December 11, 2014, but they did not provide a daily log. (*See* Doc. 30.) Plaintiffs' counsel deposed Defendant Jail Administrator Mike Jimenez on March 30, 2015, during which Jimenez discussed the existence of a daily log. (Doc. 53 Ex. 4.) Following the deposition, on March 31, 2015, Plaintiffs' counsel requested by email that defense counsel produce the daily log immediately. (*See* Doc. 53 at 4.) On April 16, 2015, defense counsel

produced the daily log for approximately eight hours on March 27, 2015. Plaintiffs' counsel again requested the daily log for the entire seven-day incarceration. Defense counsel responded by email on April 17, 2015, that he intended for the "daily log" referred to in his initial disclosures to include only the portion disclosed on April 16, 2015. Discovery closed on April 17, 2015.

Plaintiffs argue that the daily log for the full seven days of Everage's incarceration is necessary to see whether it demonstrates anything about the manner in which jailers interacted with the mentally ill Everage, whether Everage asked for his medications, and whether Everage asked to see his own doctor. Plaintiffs state that an important issue in the case is whether the jail provided Everage with the psychotropic medications that he had been taking at the time of his arrest.

Federal Rule of Civil Procedure 26(b)(1) states that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." I find that the production of the full daily log from Everage's seven days of incarceration is reasonably calculated to lead to the discovery of admissible evidence. As such, I order Defendants to produce the complete daily log from Everage's seven days of incarceration by June 8, 2015.

With respect to Plaintiffs' request for sanctions, I defer ruling until Defendants and their counsel have had an opportunity to be heard. "Sanctions cannot be assessed without the basic requirements of due process, which are notice that such sanctions are being considered by the court and a subsequent opportunity to respond." *United States v. Melot*, 768 F.3d 1082, 1085 (10th Cir. 2014) (quotation omitted). Accordingly, Defendants are hereby ordered to show cause

why they or their counsel should not be sanctioned for their failure to produce the complete daily log for Everage's seven-day period of incarceration, despite Plaintiffs' multiple requests that they do so.

Further, pursuant to Rule 37(a)(5)(A), if a motion for an order compelling disclosure or discovery is granted, as in this case, the Court

> must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Defendants shall file a response to Plaintiffs' request for sanctions and will address whether Defendants should be required to pay Plaintiffs' reasonable expenses incurred in filing the motion to compel. Defendants' response shall be filed by June 8, 2015, and Plaintiffs may file a reply by June 15, 2015.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.