IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD PINNOCK, et al.,

           **Plaintiffs,**

vs.                                                                  Civ. No. 14-293 JCH/WPL

BOARD OF COUNTY COMMISSIONERS
OF GRANT COUNTY, et al.,

           **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion for Leave to Name Substitute Expert and to Modify Scheduling Order* [Doc. 45]. The outcome of this motion has a significant impact on two other pending motions: *Defendants' Motion To Dismiss The Complaint For Failure To State A Claim, Or In The Alternative, For Summary Judgment* [Doc. 55] and *Defendants' Motion to Strike Exhibit 14 of Plaintiffs' Response to Motion to Dismiss and Motion for Summary Judgment* [Doc. 74].

## BACKGROUND

The Plaintiffs in this case are family members of decedent Jonathan Michael Everage, as well as the personal representative of Everage's estate. In their *Amended Complaint* [Doc. 71][1], Plaintiffs allege that the Defendants are liable for Everage's suicide while incarcerated in the Grant County Jail. Plaintiffs allege that Defendants "should have foreseen that based on Jonathan Everage's history of suicide and mental illness combined with their actual knowledge of his prior

---

[1] Plaintiffs' Amended Complaint, filed without objection by the Defendants, made changes to Paragraphs 30 and 31 (pertaining to § 1983) only. Its new language refers more clearly to Everage's rights under the Fourteenth Amendment, as opposed to the Eighth Amendment.

suicidal tendencies that the [sic] he posed unreasonable risk of injury to himself." Doc. 71 at ¶ 20. The Defendants include the Board of County Commissioners of Grant County; Raul Villanueva, the Sheriff of Grant County, in his individual and official capacities; Manuel Maldonado and William Mize, officers employed by the Grant County Sheriff's Department, in their individual and official capacities; and Mike Jimenez, the Jail Administrator for the Grant County Jail, in his individual and official capacities.

According to the Amended Complaint, on March 20, 2012, Maldonado and Mize arrested Everage and booked him into the Grant County Jail. Plaintiffs allege that Grant County Sheriff's Department dispatch informed Maldonado and Mize that on October 9, 2010, Everage had attempted suicide by hanging. Plaintiffs further allege that in the officers' report dated March 21, 2012, Maldonado and Mize stated that they had actual knowledge that Everage was suicidal. On March 27, 2012, while still in the Grant County Jail, Everage hanged himself. He died a day later at the Gila Regional Medical Center.

Plaintiffs assert claims for civil rights violations under 42 U.S.C. § 1983 (Count I) (all Defendants), respondeat superior (Count II) (Grant County only), negligence (Count III) (all Defendants), negligent supervision (Count V) (Grant County and Villanueva only), and negligent training (Count VI) (Grant County and Villanueva only).[2]

## DISCUSSION

Plaintiffs request: (1) leave to name a new expert in jail procedures, and (2) modification of the scheduling order to permit time for the new plaintiffs' expert's report and deposition, as well as to allow time for Defendants to name their own such expert.

A.   **Factual Background**

---

[2] Plaintiffs have withdrawn Count IV, a claim for prima facie tort. *See* Doc. 67 at 39.

This case has been plagued with discovery and scheduling problems due to various factors, including counsels' busy trial schedules, health issues, witness availability, and apparent delays in producing documents and expert reports. *See* Joint Letter, Doc. 45-2. The discovery deadline was March 5, 2015, but by mutual consent counsel scheduled certain depositions after that date. *Id*. On February 19, 2015, after Defendants failed to respond to a motion to compel discovery responses, the Court entered an order modifying pretrial deadlines for the second time. Doc. 40. Discovery was to be completed no later than April 17, 2015, and Defendants' deadline to identify experts and provide expert reports was March 30, 2015. *Id*.

On March 23, 2015, Defendants deposed Warren Cook, Plaintiffs' expert on jail procedures. At that point, Cook had provided only a preliminary report. According to Plaintiffs, this was because as of that date (1) Defendants had yet to produce certain relevant jail documents, (2) the deposition of the jail administrator, Defendant Jimenez, had not yet occurred, and (3) Cook had only recently received the transcripts from depositions of Defendants and jailers, which had taken place March 4-6, 2015. Thus, Cook did not have all the information he required to produce a final report. Counsel agreed that, in order to save money, Cook should travel from his home in Portland, Oregon for his deposition in Albuquerque, New Mexico.

According to Plaintiffs' motion and supporting affidavit of counsel, Cook was in poor health for his deposition. Cook stated that he had recently undergone shoulder surgery, his arm was in a sling, and he was wearing a Foley catheter. Cook walked slowly and with a cane, yet insisted that he could give his deposition. During the deposition, Cook exhibited memory problems, appeared tired, and could not fully articulate the opinions in his report. The deposition lasted about five hours. Defense counsel stated that he wished to reconvene the deposition at a later date to discuss a portion of the expert report which he had not yet covered. The next day,

March 24, 2015, Cook gave Plaintiffs' counsel a written resignation citing complications from his surgery as the reason he could not continue in the case. Doc. 45-1.

On March 29, 2015, Plaintiffs filed their motion name a substitute jail procedures expert to take Cook's place.

    **B.    Legal Standard**

A "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g., Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted). Scheduling Order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir. 2009) (citation omitted); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.... Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted). *See also Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order). Thus, the decision to modify the Scheduling Order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

**C.     Discussion**

Plaintiffs argue that Cook has resigned due to medical reasons, leaving them with no expert on jail policies and procedures due to no fault of their own. Plaintiffs argue that allowing them to name a substitute expert will not prejudice Defendants because as of the date of the motion, Defendants still had not made the jail administrator, Defendant Jimenez, available for deposition. Plaintiffs point out that this deposition is particularly relevant to the jail procedures expert, since Jimenez is ultimately responsible for implementation of the jail's policies and procedures that are alleged to have caused Everage's death. They contend that because Cook was unable to complete his opinions and report due to discovery delays by Defendants, it is not unfairly prejudicial to Defendants to permit Plaintiffs to name a new jail expert due to Cook's incapacity. Further, they point out that as of March 29, 2015 (the date of Plaintiffs' motion), Defendants had not yet produced their own expert witness reports and relevant documents from the Grant County Jail. On April 9, 2015, Plaintiffs identified a proposed substitute jail procedures expert, Dr. Richard G. Kiekbusch. In addition, Plaintiffs attached and cited Kiekbusch's affidavit and expert report in support of their response [Doc. 67] to Defendants' motion to dismiss or for summary judgment. Doc. 55.

In response, Defendants argue that Plaintiffs have failed to show good cause to change the scheduling order. They contend that Cook's unsworn withdrawal letter and Plaintiffs' counsel's affidavit are inadequate evidence of Cook's health issues, particularly in light of the fact that at his deposition Cook stated, under oath, that he was capable of providing testimony. Defendants suggest that true reason for Cook's withdrawal is his poor performance at the deposition claim that they are belatedly trying to find an expert they like better. In support, Defendants point to the fact that Cook was able to travel to New Mexico and was well enough to

meet with Plaintiffs' counsel and modify his report the day before the deposition. Defendants also state that Cook is an expert witness in five pending cases, one of them in Maryland, yet he has not withdrawn from any of those cases, which suggests that his health is not an obstacle to his participation in this case.

After reviewing the facts in this case, the Court concludes that Plaintiffs have shown good cause to amend the scheduling order to permit them to name a new jail procedures expert. The Court is satisfied that Cook's withdrawal from the case could not have been foreseen by Plaintiffs and was not within their control. Plaintiffs made reasonably diligent efforts to comply with the scheduling order, and leaving Plaintiffs without a jail procedures expert would result in unfair prejudice. At the same time, the Court is not aware of any prejudice to Defendants—at least, no prejudice that cannot be cured by giving Defendants an opportunity to depose the new expert, Kiekbusch, to modify their own expert report, and to supplement their dispositive motion as may be required by the change in Plaintiffs' expert. As of this moment, there is no trial setting that will need to be vacated due to the naming of a new expert. Further, any previous modifications of the scheduling order and delays in the case have stemmed from both parties' busy schedules, health problems, and difficulties in producing evidence. As a result, the ends of justice are served by allowing the Plaintiffs to name a new expert and adjusting pretrial deadlines accordingly, as further described below.

In light of the Court's decision to permit Plaintiffs to name Kiekbusch as a substitute jail expert to replace Cook, the Court will deny Defendants' motion to strike Kiekbusch's affidavit and report attached to Plaintiffs' response to Defendants' dispositive motion. However, as explained above, in order to cure any prejudice to Defendants, they must be permitted to (1) depose Kiekbusch, (2) give their own jail procedures expert (if any) an opportunity to amend his

or her expert report based Kiekbusch's report and deposition testimony, (3) file a supplemental brief in support of their dispositive motion, but only to the extent the change in Plaintiffs' expert requires an alteration or expansion of Defendants' arguments. After receiving such a supplemental brief, Plaintiffs will be permitted to file a supplemental response.

The Court hereby refers this matter to United States Magistrate Judge William Lynch to enter a scheduling order setting deadlines for the limited discovery and briefing described herein. Any and all supplemental briefing on Defendants' dispositive motion must be <u>completed</u> no later than July 18, 2016. The Court will reset this case for trial in late 2016.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Leave to Name Substitute Expert and to Modify Scheduling Order* [Doc. 45] is **GRANTED**, and this case is referred to Magistrate Judge Lynch to set deadlines for discovery and further briefing as described herein. *Defendants' Motion to Strike Exhibit 14 of Plaintiffs' Response to Motion to Dismiss and Motion for Summary Judgment* [Doc. 74] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**