IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD PINNOCK, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF JONATHAN MICHAEL EVERAGE,
DECEASED, et al.,

      Plaintiffs,

v.                                                  CV 14-293 JCH/WPL

BOARD OF COUNTY COMMISSIONERS
OF GRANT COUNTY, et al.,

      Defendants.

**ORDER GRANTING MOTION TO TAKE TRIAL DEPOSITIONS**

Plaintiffs have filed a motion to take trial depositions of two individuals who worked at the Hidalgo Medical Center and Border Area Mental Health concerning the care and treatment decedent Jonathan Everage received from those facilities. (Doc. 86). Defendants request that I deny Plaintiffs' motion. They argue that the depositions are not timely because discovery terminated on April 17, 2015. They also argue that Plaintiffs failed to exercise due diligence to complete the depositions during the discovery period and have failed to demonstrate exceptional circumstances that would warrant taking depositions after discovery has been completed.

I recognize that the Federal Rules of Civil Procedure do not distinguish "discovery" depositions from "trial" or "perpetuation" depositions. *See* FED. R. CIV. P. 32; *Integra Lifesciences I, LTD. v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D.Cal. 1999). As Defendants assert, a number of courts have refused to allow a party to take a "trial" deposition after the close of discovery absent exceptional circiumstances. *Integra*, 190 F.R.D. at 559 (citing *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556, 557-58 (D.Minn. 1991); *Crawford v. United States*, 2013 WL

249360 at *3-4 (N.D.Okla. Jan. 23, 2013); *Marshall v. Rice*, 211 F.R.D. 680, 681 (M.D.Fla. 2002).

A seemingly like number of courts, however, have recognized this distinction and have allowed a party to take trial depositions after the discovery period has ended in appropriate circumstances. *See, e.g.*, *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982); *165 Park Row, Inc. v. JHR Development, LLC*, 2013 WL 633403 at *2 (D.Me. Feb. 20, 2013); *Wilmarth v. McKenzie*, 2006 WL 2738957 at *2-3 (W.D.N.C. Sep. 25, 2006); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 2005 WL 578917 at *6-7 (S.D.N.Y. Mar. 11, 2005); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354-55 (D.Colo. 2001). In *Estenfelder*, the court recognized the common-sense distinction that discovery depositions are used to discover what a witness knows about the issues in a case, while trial or perpetuation depositions are used when a party knows what the witness will say and seeks to preserve that testimony for trial. *See Estenfelder*, 199 F.R.D. at 354-55. Trial lawyers understand this distinction, even if some courts do not. *See id.* at 352-53 (distinguishing *Henkel* and *Integra*). And I have previously recognized this distinction and allowed a party to take perpetuation depositions after discovery closed. *Pena v. Hawes*, CV12-0622, Doc. 125 (D.N.M. April 18, 2014).

Courts have wide latitude in determining whether evidence is admissible, *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir. 2001), and in controlling the mode and order of its presentation to promote the effective ascertainment of the truth, *see* FED. R. EVID. 611(a). Further, excluding evidence is a drastic sanction. *Estenfelder*, 199 F.R.D. at 355-56 (quoting *Summers v. Miss. Pac. RR. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997)). Defendants do not argue that they will somehow be prejudiced if I allow Plaintiffs to take these depositions. Indeed, it is probably Plaintiffs who will be prejudiced, since presentation of live testimony at trial is

generally considered to be more effective because it allows the jury to assess the credibility and demeanor of the witness. *Garcia-Martinez v. City and Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004). To the extent that Defendants are prejudiced, they make take a brief discovery deposition of these witnesses before the perpetuation depositions begin. Allowing Plaintiffs to take the depositions will not interfere with trial, which is scheduled to begin on October 17, 2016. Finally, Defendants have not argued that Plaintiffs are acting in bad faith in seeking to take these depositions. Because Defendants cannot show prejudice, an inability to cure such prejudice, any interference with the trial setting, or bad faith on Plaintiffs' part, exclusion of the witnesses' perpetuation depositions from trial would be inappropriate. *See Estenfelder*, 199 F.R.D. at 356. Thus, Plaintiffs' motion to take trial depositions is granted.

      IT IS SO ORDERED.

                                                William P. Lynch
                                                United States Magistrate Judge