IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD PINNOCK, et al.,

      Plaintiffs,

v.                                                    14cv293 JCH/WPL

BOARD OF COUNTY COMMISSIONERS
OF GRANT COUNTY, et al.,

      Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs filed a Motion to Compel Proper Disclosure, arguing that Defendants' disclosure of the cases in which expert Michael Quinn testified during the last four years is insufficient under Federal Rule of Civil Procedure 26(a)(2)(B)(v). (Doc. 105.) Defendants filed a response (Doc. 108), and Plaintiffs filed a reply (Doc. 110). Upon reviewing the motion, the record, and the relevant law, I grant Plaintiffs' motion.

Rule 26(a)(2)(B)(v) requires that a trial expert's written report include "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Plaintiffs argue that Quinn's report is "impenetrable" and impermissibly shifts the burden of proper disclosure from the Defendants to the Plaintiffs because "[t]he last four years' cases are not identified, nor are many of the formal names of the courts or agencies listed, nor are the case

numbers, nor is it stated whether the testimony was by trial or deposition. (Doc. 105 at 1-2.) Plaintiffs note there is no Tenth Circuit authority on this issue, and rely on *Nguyen v. IBP, Inc.*, 162 F.R.D. 675 (D. Kan. 1995), and a host of additional cases to support their position.

Defendants respond that their decision not to supplement is substantially justified because they provided "an exhaustive list of citations of cases," Plaintiffs' expert disclosures did not provide the level of detail Plaintiffs now seek, Plaintiffs have adequate information with which to search for the cases, *Nguyen* does not address disclosure of case numbers, and Plaintiffs subsequent subpoena seeking expert reports from Quinn renders the Rule 26 issue moot. (*See* Doc. 108 at 1-2.)

Though *Nguyen* is not precedential and addressed a motion in limine to exclude expert testimony based on non-compliance with Rule 26, its analysis is applicable, and I apply its reasoning to this case. Defendants assert that *Nguyen* "states nothing about case numbers being provided to opposing counsel" as part of expert disclosures. (Doc. 108 at 2.) I wonder if Defendants bothered to read *Nguyen*, because it specifically states that "[t]he identification of 'cases' at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial." *Nguyen*, 162 F.R.D. at 682. Such information allows a party to determine the type of claim presented and locate the testimony. *Id*. This is consistent with the rulings of many other cases on this issue. *See, e.g., Salgado by Salgado v. General Motors Corp*., 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("At a minimum, the identification of 'cases' should include the name of the court or administrative agency, the names of the parties, the case number, and whether the testimony was by deposition or at trial."); *Hicks v. Dairyland Ins. Co*., 2009 WL 2243794, at *6-7 (D. Nev. July 24, 2009);

*Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 300 (D. Nev. 1998) ("The list of other cases in which the witness has testified as an expert should include the court, the names of the parties, the case number, and whether the testimony was by deposition or at trial.").

The spirit of the disclosure requirement, as explained in 1993 Advisory Committee Notes, is to facilitate efficient trial preparation and reduce the need for unnecessary depositions. This is even more important in this case, given the breadth of Quinn's list, which includes forty-two cases over the past forty-two years from various state and federal courts throughout the country, which even Quinn admits is "not an all-inclusive list." (*See* Doc. 105-1 at 1-3.)  Further, Quinn has made no effort to list any of the expert testimony he gave in the last four years in what he describes as "Law Enforcement Criminal Courts." (*Id.* at 1.)

Defendants' remaining counterarguments lack merit. The argument about substantial justification based on the parties' misunderstanding of the requirements of Rule 26 is unpersuasive. The reasoning that Plaintiffs' failure to provide case numbers in their disclosure excuses Defendants' lack of compliance is not a valid excuse under Rule 26 and likely moot given that Plaintiffs updated their disclosure. (*See* Doc. 105-2 at 1-2.) And the argument that Plaintiffs' subpoena will satisfy the Rule 26 disclosure requirement is not supported by the language of the Rule, which requires disclosure "[u]nless otherwise stipulated or ordered by the court." FED. R. CIV. P. 26 (a)(2)(B).

Plaintiffs' Motion to Compel Proper Disclosure (Doc. 105) is granted. Defendants, by June 22, 2016, will provide a list of all other cases in which Quinn has testified as an expert during the preceding four years, per Rule 26(a)(2)(B)(v). It is not sufficient for Quinn to state that he has testified in too many cases in law enforcement criminal court to list. For each case in

which Quinn has testified as an expert during the last four years, Quinn will include, at a minimum, the court or administrative agency, the names of the parties, the case number, and whether the testimony was by deposition or at trial.

    IT IS SO ORDERED.

                                                                           _____
                                                                           William P. Lynch
                                                                           United States Magistrate Judge