IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DONALD PINNOCK, et al.,**

        **Plaintiffs,**

**vs.**                                                                            Civ. No.  14-293 JCH/WPL

**BOARD OF COUNTY COMMISSIONERS**
**OF GRANT COUNTY, et al.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *Motion of Plaintiffs for Review of Clerk's Order Settling Costs* [Doc. 146]. Plaintiffs contend that despite the fact that Defendants prevailed in this litigation, costs should not be imposed against them. After reviewing the motion, the Defendants response, and the reply, the Court concludes that the taxation of costs against Plaintiffs is not appropriate in this case.

## BACKGROUND

Plaintiffs represent the estate of decedent Jonathan Everage and his surviving minor children. Plaintiffs alleged that the Defendants violated Everage's constitutional rights and committed various common law torts by failing to properly supervise him and attend to his medical needs while he was detained at the Grant County Jail. Everage committed suicide while in custody.

On September 13, 2016, this Court entered summary judgment in favor of Defendants and dismissed Plaintiffs' claims with prejudice. On October 13, 2016, Defendants filed their motion to tax costs under Rule 54(b) of the Federal Rules of Civil Procedure. On November 22,

2016, Plaintiffs filed their response to the motion. On December 12, 2016, the Clerk of Court entered an order taxing costs against Plaintiffs in the amount of $2,640.20. On December 19, 2016, Plaintiffs filed their motion for review of the Clerk's order.

## **DISCUSSION**

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "[T]o deny a prevailing party its costs is 'in the nature of a severe penalty,' such that there 'must be some apparent reason to penalize the prevailing party if costs are to be denied.' " *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011) (quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)). Thus, the district court's discretion to deny the prevailing party costs is "not unlimited." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL–CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (en banc). A district court may properly deny costs to a prevailing party when the prevailing party is "only partially successful," the prevailing party was "obstructive and acted in bad faith during the course of the litigation," damages are "only nominal," the nonprevailing party is indigent, costs are "unreasonably high or unnecessary," or the issues are "close and difficult." *Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 659-60(10th Cir. 2013).

Plaintiffs argue that the Court should exercise its discretion to deny costs to the Defendants because they are all indigent, one of the reasons listed by the Tenth Circuit as an acceptable reason to do so. Specifically, they contend that Everage's wrongful death estate has no assets, Everage's minor children (now ages twelve and ten) have no assets, and the children's mother and next friend, Anastasia Everage, who brought a loss of consortium claim on their

behalf, is indigent. As proof of these assertions, Plaintiffs attach affidavits from personal representative Donald Pinnock and Anastasia Everage.

Defendants do not dispute that Everage's estate, Anastasia Everage, and the minor children are indigent, nor do they dispute that indigence is a valid reason to deny costs in the Tenth Circuit. Instead, they argue that under New Mexico law, Defendants have fourteen years to collect on a money judgment, and that "Plaintiffs' financial situation may change dramatically within these fourteen years." Doc. 148 at 1. It is hard to fathom how Everage's estate could garner assets after his death, nor do Defendants explain how this could occur. Rather, it appears that Defendants are suggesting that the minor children, who were approximately ages nine and seven when this lawsuit commenced, should have to pay this cost bill when they reach adulthood. Defendants offer no authority that costs should be taxed on indigent children.

The Court is unpersuaded by Defendants' argument. It is undisputed that the Plaintiffs are indigent. While it is the usual practice to impose costs on the nonprevailing party, the Court finds that good cause exists here to excuse payment of costs due to Plaintiffs' indigence. As a result, the Court need not reach the other arguments raised by Plaintiffs disputing the cost award.

**IT IS THEREFORE ORDERED** that the *Motion of Plaintiffs for Review of Clerk's Order Settling Costs* [Doc. 146] is **GRANTED**, and the Clerk's Order Settling Costs [Doc. 144] is hereby **VACATED**.

_____
**UNITED STATES DISTRICT JUDGE**